CARLTON, J.,
Dissenting.
¶ 41. I respectfully dissent to the majority’s opinion, as I would reverse the circuit court’s judgment affirming the Mississippi Workers’ Compensation Commission’s award of temporary total and permanent partial disability benefits and would grant the Sanderson Farms’ cross-appeal. See Miss.Code Ann. § 71-3-7 (Rev.2000) (requiring a causal connection between injury and claimed disability and requiring the claimant to show injury that arose out of and in the course of employment).
¶ 42. The claimant bears the burden of proving entitlement to benefits by a preponderance of the evidence as to each element of the claim. Harrell v. Time Warner/Capitol Cablevision, 856 So.2d 503, 506(¶ 7) (Miss.Ct.App.2003) (citing Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994)). The claimant must prove the following elements: “(1) an accidental injury, (2) arising out of and in the course of employment, and (3) a causal connection between the injury and the claimed disability.” Id. “It is well-established that recovery under the workers’ compensation scheme must rest upon reasonable probabilities, not mere possibilities.” Id. at 511(¶ 30) (citing Burnley Shirt Corp. v. Simmons, 204 So.2d 451, 454 (Miss.1967)). Therefore, I respectfully submit that the Commission’s decision finding a compensa-ble injury was not supported by substantial evidence. I find that the claimant failed in her burden of proof to prove an injury and consequently also failed to prove a causal connection.
GRIFFIS, J., JOINS THIS OPINION.